IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSHUA LEE VINSON SR,

        Plaintiff,

v.

MARK F. NIELSEN, MAUREEN MARTINEZ, JAMIE MARIE MCCLENDON, and RACINE COUNTY,

        Defendants.

ORDER

20-cv-1130-wmc[1]

---

Plaintiff Joshua Lee Vinson, Sr., proceeding without counsel, alleged that the judge, prosecutor, and defense attorney violated his constitutional and state-law rights by allowing him to be convicted of felony drug possession despite a lack of probable cause to support the charge. I denied Vinson leave to proceed and dismissed this case because Vinson's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), the judge and prosecutor are entitled to immunity, Vinson's defense attorney is not a state actor who can be sued under 42 U.S.C. § 1983, and Vinson failed to state a claim for municipal liability against Racine County. Dkt. 14.

Vinson now seeks reconsideration of my ruling under Federal Rule of Civil Procedure 59(e), and he requests leave to file an amended complaint against the defendants based on "newly discovered evidence." Dkt. 16. I will deny the motion.

A Rule 59(e) motion "will be successful only where the movant clearly establishes:

---

[1] I am exercising jurisdiction over this case for the purpose of initial screening only.

'(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)). A "manifest error" is not demonstrated by the disappointment of the losing party; it is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997). Where a plaintiff has not been afforded an opportunity to amend his complaint before a judgment of dismissal, his post-judgment motion for leave to amend is governed by Federal Rule of Civil Procedure 15(a)(2), which provides that the court "should freely give leave when justice so requires." *See O'Brien v. Village of Lincolnshire*, 955 F.3d 616, 628-29 (7th Cir. 2020). But a court may deny leave to amend if amendment would be futile. *Kap Holdings, LLC v. MarCone Appliance Parts Co.*, 55 F.4th 517, 529 (7th Cir. 2022).

Vinson gives me no reason to revisit my ruling or to allow him to amend the complaint. The "newly discovered evidence" on which he relies is his Racine County Jail booking sheet indicating that he was charged with possession of narcotic drugs in Case No. 17CF790 on May 29, 2018. Dkt. 17-1. Vinson alleges that he was convicted of a "nonexistent crime," and that he should be allowed to pursue a claim against the defendants for wrongful arrest and unlawful detainment. Dkt. 16 at 4-5.

Vinson does not provide a proposed amended complaint with his Rule 59(e) motion as required to allow me to consider the merits of his post-judgment request for leave to amend. *Harris v. City of Auburn*, 27 F.3d 1284, 1287 (7th Cir. 1994). A court may deny a request for leave to amend on this basis alone. *See, e.g., Doe v. Village of Arlington Heights*,

782 F.3d 911, 919 (7th Cir. 2015) (concluding that, without a proposed amended complaint, the court was "unable to meaningfully evaluate whether the proposed amendment would have cured the deficiencies in the original complaint"); *Doe v. Howe Military Sch.*, 227 F.3d 981, 989-90 (7th Cir. 2000).

But even if he provided the proposed amended complaint, I would still deny his motion. Vinson acknowledges that he pleaded "no contest" to the drug-possession charges lodged against him in 17CF790. Dkt. 16 at 2. His booking sheet confirms that he was convicted and sentenced to time served. Dkt. 17-1 at 2. Vinson does not address the reasons that I dismissed his complaint. Judge Nielsen had jurisdiction over his state-court criminal proceeding and Nielsen was entitled to absolute immunity for his judicial decisions in that proceeding. *See Brunson v. Murray*, 843 F.3d 698, 710 (7th Cir. 2016) (judges are entitled to absolute immunity for challenged actions that are "judicial in nature"). Defendant Maureen Martinez has absolute immunity from a civil suit for damages "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Defendant Jamie Marie McClendon was not functioning as a state actor for purposes of a suit under § 1983 while performing "the traditional function of counsel to a defendant in a criminal case." *Walton v. Neslund*, 248 F. App'x 733, 733 (7th Cir. 2007) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981); *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998)). Vinson is not entitled to relief under Rule 59(e) or leave to amend.

ORDER

IT IS ORDERED that plaintiff's motion for reconsideration, Dkt. 16, is DENIED.

Entered May 10, 2024.

BY THE COURT:

/S/_____
JAMES D. PETERSON
District Judge